```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

UNITED STATES OF AMERICA,      )    CR. NO. 1:11-557
                               )    ATLANTA, GA
                               )    MARCH 8, 2016
                               )
     VERSUS                    )
                               )
ALEKSANDR ANDREEVICH PANIN,    )
A/K/A GRIBODEMON,              )
AND HAMZA BENDELLADJ A/K/A     )
BX1                            )
              DEFENDANT.       )
                               )

              BEFORE THE HONORABLE AMY TOTENBERG
                UNITED STATES DISTRICT COURT JUDGE
                       SENTENCING HEARING

APPEARANCES:

FOR THE GOVERNMENT:            KAMAL GHALI, AUSA
                               STEVE GRIMBERG, AUSA
                               U. S. ATTORNEY'S OFFICE - ATL
                               600 RICHARD RUSSELL BUILDING
                               75 TED TURNER DRIVE
                               ATLANTA, GA   30303

FOR THE DEFENDANT
ALEKSANDR ANDREEVICH PANIN:    LEONARD LOUIS FRANCO, ESQ.
                               THE FRANCO LAW FIRM, PC
                               1800 PEACHTREE STREET, NW
                               SUITE 300
                               ATLANTA, GA 30309
```

```
 1  APPEARANCES CONTINUED:
    HAMZA BENDELLADJ:              EMILY STRONGWATER, ESQ.
 2                                 JAY L. STRONGWATER, ESQ.
                                   STRONGWATER & ASSOCIATES
 3                                 1349 WEST PEACHTREE STREET
                                   SUITE 1250
 4                                 TWO MIDTOWN PLAZA
                                   ATLANTA, GA   30309
 5
    COURT REPORTER:                DEBRA R. BULL, RPR, CRR
 6                                 UNITED STATES COURT REPORTER
                                   1949 RICHARD RUSSELL BUILDING
 7                                 75 TED TURNER DRIVE
                                   ATLANTA, GA   30303
 8

 9
              STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
10                   *** *** *** *** ***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       (WHEREUPON, THE FOLLOWING WAS HEARD IN OPEN COURT.)
2            THE COURT:  ALL RIGHT, COUNSEL.  EVERY MORNING WE
3  SEEM TO HAVE A DELAY.  I AM TRYING TO DETERMINE WHETHER WE
4  HAVE  -- WHETHER MR. PANIN HERE SHOULD BE REPRESENTED BY IN
5  ADDITION TO MR. FRANCO BY COUNSEL IN NEW YORK WHO ARE MORE
6  INTIMATELY FAMILIAR WITH HIS CASE.  IT MIGHT NOT MAKE ANY
7  DIFFERENCE I UNDERSTAND IN THE END WHATSOEVER AS TO THE
8  SENTENCE IN THIS CASE,  I RECOGNIZE THAT THAT IS A DISTINCT
9  POSSIBILITY,  BUT THESE ARE VERY COMPLICATED PROCEEDINGS AND
10 MR. FRANCO HAD NO REAL SUBSTANTIVE INVOLVEMENT IN THIS CASE
11 UNTIL HE ARRIVED TO MEET WITH MR. PANIN YESTERDAY MORNING
12 BEFORE THE SENTENCING.  AND THIS IS A COMPLEX MATTER AND
13 WHATEVER HAPPENS HERE IT IS LIKE IT STILL INVOLVES SOME
14 SIGNIFICANT PERIOD OF TIME OF INCARCERATION OR HE HAS.
15      SO,  I HAVE MADE EFFORTS TO TRY TO ASSESS WHERE WE ARE AT
16 WITH THIS AND I KNOW THAT MR. BENDELLADJ'S ATTORNEY PROBABLY
17 HAS SUBSTANTIAL QUESTIONS FOR THE AGENT REGARDING HIS WORK AND
18 HIS TESTIMONY AND WE WENT THROUGH WITH THE GOVERNMENT'S
19 PRESENTATION,  BUT I AM UNCOMFORTABLE ABOUT PROCEEDING AT THIS
20 MOMENT WITHOUT HAVING MR. PANIN HAVING HIS -- THE ATTORNEYS
21 WHO KNOW SUBSTANTIVELY ABOUT EVERYTHING IN HIS CASE.
22       I KNOW EVERYONE WANTS TO MOVE FORWARD.  I KNOW BOTH OF
23 THESE DEFENDANTS DO AND EVERYONE IS PREPARED,  I DO,  TOO.
24 BUT I DON'T WANT THERE TO BE ANYTHING THAT POSSIBLY MIGHT GO
25 WRONG BECAUSE THE ATTORNEYS WHO WERE SUBSTANTIVELY INVOLVED IN

1  REPRESENTATION OF MR. PANIN ARE NOT PRESENT.  I KNOW
2  MR. FRANCO HAS THE BEST OF INTENTION,  I AM NOT SURE THAT WILL
3  SUBSTITUTE IF THERE IS ANY PROBLEM RIGHT AT THAT MOMENT FOR
4  ACTUAL KNOWLEDGE OF THE FACTS OF THE CASE.   IT IS NOT THAT I
5  AM EXPECTING THERE TO BE TO HIM ON ANY PARTICULAR ISSUE,  ONE
6  WAY OR THE OTHER.
7     MY RECOLLECTION WAS THAT THERE WAS AT LEAST ONE OF YOU
8  THAT OBJECTED TO MY MOVING THIS HEARING TO THIS DATE AS IT WAS
9  -- WAS THAT MR. BENDELLADJ?
10           MR. STRONGWATER:  YES,  YOUR HONOR.
11           THE COURT:   SO I WANTED TO YOU GIVE YOU AN
12 OPPORTUNITY TO SAY WHATEVER YOU WANTED TO AS WELL AS THE
13 GOVERNMENT.   I THINK A WISER WAY OF PROCEEDING WOULD BE, AS
14 MUCH AS I HATE TO PUT ANYTHING OFF, IS JUST SIMPLY TO FIND
15 ANOTHER DATE,  MAKE SURE THAT COUNSEL FROM NEW YORK HAS MET IN
16 ADVANCE WITH MR. PANIN ABOUT THE SENTENCING,  NOT JUST THAT
17 MORNING.  AND CONTINUE THE HEARING. WE WILL GET HIM A
18 TRANSCRIPT OF EVERYTHING THAT HAS HAPPENED SO WE DON'T HAVE TO
19 REPEAT WHAT HAS HAPPENED SO FAR.   GIVEN THE AMOUNT OF TIME WE
20 ARE LOOKING AT,  I KNOW DATES AND LOCATIONS AREN'T IDEAL FOR
21 PROLONGED INCARCERATIONS.   I WOULD LIKE TO DO THIS RIGHT THAN
22 HAVE ANY PROBLEMS DOWN THE LINE.
23           ANY COMMENTS?  OBJECTION?
24           MR. GRIMBERG:  NO OBJECTION FROM THE GOVERNMENT.
25           MR. STRONGWATER:  IT MAY BE HOLLOW.   I THINK

```
 1  MR. BENDELLADJ WANTS TO GO FORWARD.  I THINK MOST OF THE
 2  TESTIMONY GOES TOWARD HIM BECAUSE THERE IS NO STIPULATION.  I
 3  WILL THROW THIS OUT, SHOT DOWN PRETTY QUICKLY, WHETHER THE
 4  COURT WANTS TO BIFURCATE.
 5          THE COURT:  IF I WANT TO BIFURCATE?
 6          MR. STRONGWATER:  YES.  I PUT ON THE RECORD, YOUR
 7  HONOR.  I UNDERSTAND LENGTHY TESTIMONY AND COMPLEX TESTIMONY,
 8  WE DO HAVE MR. KEN SHEAR IS HERE FROM FLORIDA.
 9          THE COURT:  HERE ALREADY?
10          MR. STRONGWATER:  AND THAT IS ANOTHER --
11          THE COURT:  -- MOVING PART.
12          MR. STRONGWATER:  YES.  BUT WITHOUT CONSULTING
13  DIRECTLY WITH MR. BENDELLADJ TODAY, I KNOW FROM PAST
14  CONVERSATIONS AND THE MOTIONS WE FILED WITH THE COURT THAT HIS
15  PREFERENCE IS TO GO FORWARD AT THIS TIME.
16          THE COURT:  WELL, SO I CAN HAVE A COMPLETE RECORD,
17  WHAT IS YOUR OPINION ON BIFURCATION?
18          MR. GRIMBERG:  BIFURCATION DOES NOT MAKE SENSE.  THE
19  EVIDENCE PRESENTED PERTAINS NOT ONLY TO MR. BENDELLADJ, BUT
20  IT ALSO IMPACTS THE 3553 FACTOR ANALYSIS FOR DEFENDANT PANIN.
21  THERE IS ALSO SCENARIOS IN WHICH THE GOVERNMENT WOULD NEED TO
22  PRESENT EVIDENCE IN RESPONSE TO DEFENDANT BENDELLADJ'S
23  TESTIMONY, EITHER BY WAY OF EXPERT WITNESSES OR FACT
24  WITNESSES THAT WOULD IMPACT DEFENDANT PANIN.
25          THE COURT:  ARE THERE ANY SCHEDULING ISSUES THAT
```

Case 1:11-cr-00557-AT-AJB   Document 212   Filed 08/31/16   Page 6 of 14

13

1  WOULD IMPACT YOUR AVAILABILITY IN APRIL OR YOUR EXPERT'S
2  AVAILABILITY IN APRIL?
3       MR. STRONGWATER:  YOUR HONOR ALWAYS TAKES PRECEDENCE
4  OVER OTHER COURTS.  I DON'T KNOW OF ANYTHING OTHER THAN I
5  WILL THROW THIS OUT.  WE DID HAVE A LEAVE SCHEDULED FOR LAST
6  WEEK OF MAY.
7       THE COURT:  I THINK THOSE ARE SPOKEN FOR BY OTHER
8  GOVERNMENT COUNSEL.
9       MR. STRONGWATER:  I DON'T KNOW OF ANYTHING AT THE
10 MOMENT, BUT WHEN WE GET BACK TO THE OFFICE I WILL IMMEDIATELY
11 BE IN TOUCH WITH CHAMBERS.
12      THE COURT:  WHAT ABOUT YOUR EXPERT, DO YOU WANT TO
13 CHAT?
14      MR. STRONGWATER:  MR. KEN SHEAR SAYS HE IS AVAILABLE
15 AGAIN WITH SUFFICIENT NOTICE.
16      THE COURT:  HOW ABOUT THE GOVERNMENT?
17      MR. GRIMBERG:  YOUR HONOR, NO MAJOR CONFLICTS LIKE
18 VACATIONS OR TRIALS, BUT THERE ARE CONFLICTS ON A DAILY
19 BASIS, WE WILL CONTACT CHAMBERS TO WORK THAT OUT.
20      THE COURT:  WELL, WE HAVE CHALLENGES WITH THE
21 AGENTS SCHEDULE, THAT IS WHAT I AM MOST OF ALL CONCERNED.  I
22 DON'T WANT TO BE IN A POSITION WHERE WE CAN'T GET HIM BACK
23 HERE.
24      MR. GRIMBERG:  HE IS AVAILABLE.
25      THE COURT:  HE IS BACK?

1         MR. GRIMBERG:  HE IS BACK.  HIS DETAIL IS OVER.
2         THE COURT:   IT IS OVER?
3         MR. GRIMBERG:  YES.
4         THE COURT:  OKAY.  WELL, I THINK IT DOESN'T MAKE
5    SENSE TO BIFURCATE AT THIS POINT AND I REALLY REGRET OUR
6    HAVING TO PUT THIS OFF.  AND, MR. BENDELLADJ, I KNOW THAT
7    YOUR COUNSEL DID ABSOLUTELY REPRESENT HOW VIGOROUSLY YOU
8    OPPOSED ANY FURTHER EXTENSIONS BEFORE, I WANT YOU TO BE
9    CONFIDENT THAT YOUR ATTORNEYS DID DO THAT.  AND THIS IS A
10   VERY UN IDEAL SITUATION TO START AND THEN HAVE TO STOP ALSO.
11   SO, I DON'T THINK ANYONE IS PREJUDICED BY IT IN ANY WAY,
12   THOUGH.  I THINK YOU GET AN OPPORTUNITY IN FACT TO LOOK AT
13   WHATEVER, BUT WHAT HAS BEEN PRESENTED SO FAR AND WE WILL TRY
14   TO GET YOU IN AS SOON AS WE CAN IN APRIL THAT WORKS FOR
15   EVERYBODY.
16      MR. PANIN, I WILL DIRECT YOUR COUNSEL FROM NEW YORK
17   WHOEVER IS MOST FAMILIAR WITH THE CASE AND IS ABLE TO BE HERE
18   IS TO BE PRESENT.  AND THIS IS AGAIN NOT DONE TO PENALIZE
19   YOU, TO CRITICIZE MR. FRANCO, IT IS JUST THE SITUATION.  AND
20   MAYBE I AM BEING OVERLY CAUTIOUS, BUT I WANT TO MAKE SURE THAT
21   WHOEVER IS SITTING NEXT TO YOU RIGHT THERE, YOU COULD HAVE TWO
22   OR THREE, BUT WHOEVER IT IS IS REALLY ON TOP OF ANYTHING SO
23   THAT IF YOU HAVE A QUESTION, YOU HAVE SOMEBODY WHO KNOWS YOUR
24   CASE AND YOU HAVE BEEN DEALING WITH WHO CAN ANSWER THE
25   QUESTION.  AND THERE IS NO CRITICISM OF HOW THE CASE HAS BEEN

1  HANDLED OR THE JUDGMENTS THAT HAVE BEEN MADE, BUT MY
2  PHILOSOPHY IS TO BE VERY CAREFUL TO MAKE SURE THAT EVERYONE IS
3  PROPERLY REPRESENTED AND IT WAS JUST A CIRCUMSTANCE I DIDN'T
4  FEEL COMFORTABLE ABOUT.
5          MR. GRIMBERG:  YOUR HONOR, IN TERMS OF SCHEDULING, I
6  KNOW THAT WE ORIGINALLY SLATED THROUGH TOMORROW.
7          THE COURT:  RIGHT.
8          MR. GRIMBERG:  I DON'T KNOW IF YOU WERE ABLE TO
9  INQUIRE WITH MR. BUKH'S AVAILABILITY WITH TOMORROW.
10         THE COURT:  I DID INQUIRE AND I DON'T KNOW THAT YOU
11 WOULD BE THROUGH, THOUGH.
12         MR. MIXON:  WE HAVE THE GOVERNMENT'S CASE IS --
13 WELL, WHAT WE HAVE LEFT WITH AGENT RAY IS LESS THAN AN HOUR
14 AND THEN WE WOULD REST.  I DON'T KNOW HOW LONG
15 MR. STRONGWATER INTENDS TO PRESENT HIS CASE.  WE ALSO HAVE
16 THURSDAY AVAILABLE, I DON'T KNOW WHAT THE COURT HAS.
17         THE COURT:  I HAVE ONE ORAL ARGUMENT.
18         MR. GRIMBERG:  SO --
19         THE COURT:  LET ME JUST SAY I DID INQUIRE AND IT WAS
20 NOT IMPOSSIBLE, BUT HE, THERE WAS -- I WASN'T A HUNDRED
21 PERCENT CONFIDENT EITHER SO LET ME JUST SAY.  I WAS TRYING TO
22 GO WITH SOMETHING THAT HAD CLARITY AS TO WHAT WAS GOING TO
23 HAPPEN.
24         MR. GRIMBERG:  CAN WE SORT OUT HOW LONG WE THINK WE
25 WILL NEED?

1        THE COURT:   HOW LONG DO YOU THINK MR. STRONGWATER
2   TEAM, WHAT DO YOU THINK?
3        MR. STRONGWATER:  THE COURT IS CORRECT, WE DO HAVE
4   QUESTIONS OF AGENT GRAY.  DEPENDING UPON THOSE ANSWERS IT
5   WOULD REDUCE THE NEED TO CALL OUR EXPERT.  WE THINK OUR
6   CASE-IN-CHIEF HAS BEEN REDUCED SIGNIFICANTLY BY THE TESTIMONY
7   WE HEARD YESTERDAY.  THAT IS AN ANSWER TO YOUR QUESTION.  I
8   WOULD THINK TWO HOURS ON THE OUTSIDE BEFORE ARGUMENT.
9        THE COURT:   ALL RIGHT.
10       MR. STRONGWATER:  AND I HAVE TWO QUESTIONS BEFORE WE
11  ADJOURN.
12       THE COURT:   ALL RIGHT.  THAT'S FINE.
13       MR. STRONGWATER:  IF THE COURT WILL GIVE MR. PANIN'S
14  ATTORNEY A TRANSCRIPT, MAY WE GET A COPY AS WELL UNDER CJA?
15       THE COURT:   THAT IS ONE OF THE THINGS I AM TRYING TO
16  THINK ABOUT IS WHETHER HE WOULD BE ABLE TO HAVE A TRANSCRIPT
17  IN TIME FOR TOMORROW.
18       ASIDE FROM THE CJA TRANSCRIPT, THERE IS ONE MATTER WE
19  WOULD LIKE TO ADDRESS WITH THE COURT EX PARTE.
20       SHE CAN GET IT ON MONDAY.  I DON'T KNOW WHETHER WE
21  HAVE TIME NEXT WEEK BECAUSE WE HAD A NUMBER OF SENTENCINGS
22  THAT WERE CANCELED NEXT WEEK.  DO YOU HAVE ANY SENSE OF
23  WHETHER YOU WOULD BE ABLE TO DO IT NEXT WEEK?
24       MR. STRONGWATER:  I DON'T BELIEVE SO, YOUR HONOR.
25  THE THINGS HAD ALREADY BEEN PUSHED BACK TO NEXT WEEK, IT IS

1  THE DAYS WE SET ASIDE ON THE OUTSIDE OF LENGTHY SENTENCING ON
2  FRIDAY THAT PUSHED US BACK.
3            THE COURT:    ALL RIGHT.
4            YES.
5            MR. GRIMBERG:  I UNDERSTAND THE COURT'S CONCERN AND
6  YOU ARE TRYING TO BALANCE WITH THE EFFORTS TO GET THIS DONE.
7  I THINK TOMORROW IS DOABLE.   WE HAVE -- WHILE I UNDERSTAND
8  THAT IDEALLY MR. BUKH WOULD REVIEW THE TRANSCRIPT,  HE DOESN'T
9  NECESSARILY NEED TO.   HE HAS COMPETENT COCOUNSEL WHO HAS BEEN
10 HERE WHO CAN TELL HIM ABOUT THE NATURE OF THE TESTIMONY, NOT
11 LIKE THERE WAS NO LAWYER HERE ON BEHALF OF THE DEFENDANT.
12 MR. PANIN -- I'M SORRY, MR. FRANCO CAN CONVEY TO MR. BUKH THE
13 NATURE OF THE TESTIMONY AND WE CAN GO FORWARD.   HAVING MR.
14 BUKH REVIEW THE TRANSCRIPT IS NOT NECESSARILY A PREREQUISITE
15 TO THIS CONTINUING ON.   WE CAN GO FORWARD TOMORROW WITHOUT
16 THE TRANSCRIPT.   WE CAN GET IT DONE WITHIN A DAY AND MOVE
17 FORWARD.
18     AND WITH ALL DUE RESPECT TO MR. BUKH,  HE IS COUNSEL OF
19 RECORD, YOUR HONOR.   WE HAVE A HEARING HERE.   IF YOUR HONOR
20 ORDERS HIM TO BE HERE TOMORROW,  HE NEEDS TO BE HERE TOMORROW.
21           THE COURT:   NO,  I UNDERSTAND THAT.
22           MR. FRANCO: YOUR HONOR, RIGHT NOW I MAY NOT HAVE A
23 SAY OR A DOG IN THIS FIGHT OTHER THAN I WOULD PLAN TO BE HERE
24 WITH MR. BUKH WHENEVER WE SET IT IF THE COURT WILL STILL HAVE
25 ME.   BUT THE ONLY OTHER DIFFICULTY I COULD SEE IS THE SAME

```
 1  DOCUMENTS THAT HE WOULD NEED TO CROSS-EXAMINE AGENT RAY IT
 2  WOULDN'T GIVE HIM VERY MUCH TIME TO PREPARE.
 3          THE COURT:  IF HE CHOSE TO.  WHAT WAS EVERYONE'S
 4  SCHEDULE ON THURSDAY?  THE PROBLEM IS I THINK HE PROBABLY DOES
 5  NEED THE TRANSCRIPT.  IT IS TECHNICAL AND I AM NOT SURE
 6  MR. FRANCO BECAUSE HE HASN'T IMMERSED HIMSELF IN THIS WORLD,
 7  WOULD IN FACT BE ABLE TO RELAY IT PERFECTLY, AGAIN NO INSULT
 8  TO HIM.  AND I DON'T KNOW THAT MR. PANIN WHO DEFINITELY DOES
 9  UNDERSTAND THE WORLD HAS TAKEN -- I DON'T KNOW THAT HE IS
10  TAKING NOTES TO BE ABLE TO EFFECTIVELY COMMUNICATE IN A
11  THOROUGH WAY.  I AM WILLING TO TRY TO MAKE THIS GO FASTER,
12  BUT I AM NOT SURE -- I AM NOT SURE THURSDAY HELPS
13  MR. BENDELLADJ BECAUSE HIS EXPERT IS ALREADY HERE AND YOU MAY
14  NOT BE ABLE TO KEEP HIM OR COUNSEL BE AVAILABLE ON THURSDAY.
15          MR. STRONGWATER:  WE DO HAVE SCHEDULING ISSUES.  MS.
16  STRONGWATER IS OUT OF TOWN.  I UNDERSTAND I AM CJA-APPOINTED
17  ATTORNEY, BUT SHE HAS BEEN ABLE TO ASSIST ME AND I DON'T KNOW
18  THE COURT'S PREFERENCE ON COURT-APPOINTED COUNSEL.
19          THE COURT:  WELL, I THINK HE NEEDS THE TRANSCRIPT
20  EVEN THOUGH AS I SAID BEFORE I DON'T KNOW THAT IT MAKES ANY
21  DIFFERENCE IN THE END.  IF I AM GOING TO BE STOPPING THIS I
22  AM GOING TO GO AHEAD AND DO IT RIGHT.  I AM HAPPY IF WE END
23  UP HAVING SOME TIME, MAKE TIME, IT SOUNDS LIKE WE COULD
24  FINISH THIS IN A DAY EASILY.  IF YOU CAN FIND A DAY ON THE
25  SCHEDULE THAT YOU ALL CAN DO IT AND YOUR EXPERTS CAN COME BACK
```

1  THAT IS IN APRIL, I AM WILLING TO DO THAT TO HAVE MR. BUKH OR
2  HIS COCOUNSEL MR. WOOLDRIDGE, I AM NOT SURE WHICH ONE IS IN
3  THE LEAD IN THIS TO BE HERE THAT DAY.  SO WE DON'T -- I WOULD
4  RATHER DO IT SOONER THAN LATER.  I DIDN'T TAKE NOTES MYSELF,
5  I WILL HAVE TO READ OVER THE TRANSCRIPT, IT IS ONE OF THE
6  UNFORTUNATE THINGS.  I TOOK SOME NOTES BUT NOT EXHAUSTIVE
7  NOTES.  FOR PURPOSES OF LETTING THIS GO OVER A NUMBER OF DAYS
8  I WOULD HAVE TO GO BACK AND READ THE TRANSCRIPT MYSELF.
9       SO, THAT IS THE PLAN.  I AM GOING TO -- WHATEVER DATE YOU
10 ALL CAN FIND AS EARLY AS POSSIBLE I WILL DO IT.  AND YOUR
11 COUNSEL WILL BE HERE ONE WAY OR THE OTHER.  WE WILL CONTINUE
12 UNTIL THEN.
13          I KNOW WE HAD SOME DOCUMENT ISSUES YESTERDAY.  IS
14 THERE A PACKAGE OF DOCUMENTS THAT CAN BE SENT TO NEW YORK OF
15 EXHIBITS?
16          MR. GRIMBERG:  I BELIEVE WE PROVIDED THE REMAINING
17 EXHIBITS TO COUNSEL THIS MORNING.
18          MR. STRONGWATER:  AND WE HAD EXCHANGED -- NOT
19 EXCHANGED, WE RECEIVED EXHIBITS THAT WERE GOING TO BE USED
20 TODAY IN THAT PORTION OF THE HEARING.
21          THE COURT:  GREAT.  I AM SURE WE WILL ALL MANAGE.
22 I AM SORRY.
23          ALL RIGHT.  TRY TO GET WITH MS. MCCONOCHIE ASAP AND
24 WE WILL TRY TO GET THIS DONE AS SOON AS WE CAN FIGURE OUT A
25 DATE THAT YOUR SCHEDULES ARE PARAMOUNT.  NEW YORK COUNSEL IS

```
 1  JUST GOING TO HAVE TO COME WHENEVER THAT IS.
 2          MR. STRONGWATER:  THANK YOU.
 3          THE COURT:   THANK YOU VERY MUCH.
 4          THIS MATTER IS ADJOURNED UNLESS THERE IS SOMETHING
 5  ELSE WE NEED TO ADDRESS AT THIS TIME.   I KNOW YOU HAD A
 6  REQUEST TO SPEAK EX PARTE AND I WILL DO THAT UNLESS THERE IS
 7  SOMETHING ELSE WE ALL NEED TO TALK ABOUT TOGETHER.
 8          MR. GRIMBERG:  NO, YOUR HONOR,  THANK YOU.
 9          THE COURT:   I AM STICKING AROUND AND ANYONE WHO IS
10  AN OBSERVER SHOULD LEAVE THE COURTROOM SO I CAN TALK.
11          (WHEREUPON, THE FOLLOWING WAS HEARD IN AN EXPARTE
12  HEARING WITH MR. BENDELLADJ AND HIS ATTORNEYS.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                *** END OF REQUESTED TRANSCRIPT ***
2   * * * * * * * * * * * * * * * * * * * * * * * * * * * *
3                      CERTIFICATE OF REPORTER
4      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
5   MY STENOGRAPHIC NOTES IN THE ABOVE-ENTITLED MATTER.
6
7
8    S/DEBRA R. BULL, RPR, CRR              AUGUST 31, 2016
                                            DATE
9
10
...
25
```